UNITED STATE DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA

# 06-80745

CASE NO.

ALLSTATE INSURANCE COMPANY

Plaintiff,

v.

MATTHEW EBY, TANNER MAXWELL,
and DAVID FOSTER, as Personal Representative
of the Estate of Matthew Steele Foster

Defendants,

/

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW the Plaintiff, ALLSTATE INSURANCE COMPANY, (hereinafter "Allstate"), which alleges as follows:

1.     This is an action for declaratory judgment pursuant to 28 U.S.C. § 2201, seeking a declaration of the rights, duties and liabilities of the parties under a policy of insurance by Plaintiff Allstate Insurance Company, to Barrett F. Eby.

## PARTIES

2.     Plaintiff Allstate is an insurance company incorporated in the State of Illinois, registered to do business in the State of Florida, and maintaining its principal place of business at 2775 Sanders Road, Northbrook, IL  60062-6127.

3.     Defendant Matthew Eby, son of Barrett F. Eby, is an adult individual who currently resides at 1540 Sequoia Drive, Pittsburgh, PA  15241.

4.     Defendant Tanner Maxwell is an adult individual residing at 8165 Thomas Boulevard, Unit B, Boca Raton, FL 33433.

5.     David Foster is an adult individual residing at 5712 MacIntosh Loop, Haymaker, VA 20169.

6.     Defendant David Foster is the personal representative of the Estate of Matthew Steele Foster, deceased.

## JURISDICTION

7.     This Court has jurisdiction to hear this matter pursuant to 28 U.S.C. § 1332 (Diversity of Citizenship) because the citizenship of Allstate is diverse from that of all defendants, and the amount in controversy is in excess of $75,000.00 exclusive of interest and costs.

## HISTORY OF THE CONTROVERSY

8.     Venue in this district is proper because the underlying subject automobile accident occurred in this district.

9.     Between August 21, 2005 and August 21, 2006, Barrett F. Eby was a named insured under Allstate's Personal Umbrella Policy No. 901869396 which provides excess liability coverage in the amount of $1,000,000 per occurrence.  The Allstate policy was issued and delivered to Barrett F. Eby in the State of Pennsylvania.  A true and correct copy of the Personal Umbrella Policy is attached hereto, made a part hereof and marked Exhibit "A."

10.     On August 8, 2005, at approximately 5:22 a.m., Defendant Matthew Eby was operating a 2003 Dodge Neon, vehicle identification number 1B3ES66SX3D247651, bearing Florida license plate number S545VS, which vehicle crashed into a tree.

11.     At the time and place of the aforesaid accident, Defendant Tanner Maxwell and Matthew Steele Foster, deceased, were passengers in said vehicle operated by Defendant Matthew Eby.

12.     As a result of said accident, Defendant Tanner Maxwell sustained personal injuries, and Matthew Steele Foster died as a result of his injuries.

13.     At the time and place of the aforesaid accident, the vehicle operated by Defendant Matthew Eby was titled in the name of Matthew Eby and insured under a personal automobile insurance policy issued by Allstate in the State of Florida.

14.     At the time and place of the aforesaid accident, Defendant Matthew Eby had a Florida driver's license, number E100553021220.

15.     At the time and place of the aforesaid accident, Defendant Matthew Eby resided in an apartment located at 470 Jefferson Drive, Apartment 3030, Deerfield Beach, Florida.

16.     As a result of the aforesaid accident, Defendant Tanner Maxwell filed a Civil Complaint in the Circuit Court of the 15th Judicial Circuit, Palm Beach County, Florida. A true and correct copy of the aforesaid Complaint is attached hereto, made a part hereof and marked Exhibit "B."

17.     By letter dated November 2, 2005, Alex Daszkal, Esquire informed Allstate that he represented Defendant Tanner Maxwell and requested information regarding all known policies of insurance, including excess or umbrella policies, that Allstate issued for the driver/owner of the vehicle involved in the aforesaid accident.

18.     By letter dated February 20, 2006, David Foster wrote to Sarah Ramroop, employee for Plaintiff Allstate, informing Allstate that he was appointed personal

representative for the Estate of Matthew Steele Foster, deceased, and Letters of Administration were issued.  He further inquired about Allstate's investigation regarding three Allstate insurance policies that may be applicable to the aforesaid accident and requested the status of the investigation and any conclusions reached.  A true and correct copy of the aforesaid letter is attached hereto, made a part hereof and marked Exhibit "C."

19.     Tanner Maxwell, the Estate of Matthew Steele Foster and Matthew Eby contend that the Allstate policy issued to Barrett F. Eby in the State of Pennsylvania provides excess liability coverage for Matthew in regard to the underlying automobile accident notwithstanding that at the time of the accident, Matthew Eby was not a resident of Barrett F. Eby's Pennsylvania household.  Allstate disputes this contention based upon controlling and applicable Pennsylvania law.

20.     Consequently, a dispute exists between the parties as to whether the Allstate policy provides any duty to defend and/or indemnify Matthew Eby in regard to the underlying automobile accident and there exists a controversy between Allstate and all defendants which creates a bona fide and actual present need for a declaration of Allstate's rights and obligations under the policy.

### COUNT I

21.     Plaintiff Allstate incorporates herein by reference paragraphs 1 through 21 as though the same were more fully set forth at length.

22.     Plaintiff Allstate's Personal Umbrella Policy issued to Barrett F. Eby states:

> "Allstate will pay when an **insured** becomes legally obligated to pay for personal injury . . . caused by an **occurrence**."

"**Insured**" is defined to mean:

"a. **You** and,
    b.  relatives residing in your household"
(See Exhibit "A" at pages 1 and 3)

23.    Plaintiff Allstate's Personal Umbrella Policy issued to Barrett F. Eby in

the state of Pennsylvania contains the following choice of law clause:

> **What Law Will Apply**
> This policy is issued in accordance with the laws of Pennsylvania
> and covers property or risks principally located in Pennsylvania.
> Subject to the following paragraph, any and all claims or disputes
> in any way related to this policy shall be governed by the laws of
> Pennsylvania.
>
> If a covered loss to the **auto**, a covered **auto** accident, or any other
> occurrence for which coverage applies under this policy happens
> outside Pennsylvania, claims or disputes regarding that covered
> loss to the **auto**, a covered **auto** accident, or covered occurrence
> may be governed by the laws of the jurisdiction in which that
> covered loss to the **auto**, covered **auto** accident, or other covered
> occurrence happened, only if the laws of that jurisdiction would
> apply in the absence of a contractual choice of law provision such
> as this.
> (See Exhibit "A" at page 3)

24.    At the time of the motor vehicle accident that occurred on October 2,

2005, Defendant Matthew Eby resided in the State of Florida and was not a resident of

Barrett F. Eby's household.  Therefore, Defendant Matthew Eby was not an "insured"

under Plaintiff Allstate's Personal Umbrella Policy and there is no coverage for Matthew

Eby for the claims asserted by Defendant Tanner Maxwell and the Estate of Matthew

Steele Foster, deceased.

WHEREFORE, for all of the above reasons, Plaintiff Allstate Insurance Company

respectfully requests that this Honorable Court issue an Order and decree declaring that:

1)      Pennsylvania law applies to determine the disputed issues of coverage under the Allstate policy issued and delivered to Barrett Eby in the state of Pennsylvania;

2)      Pursuant to Pennsylvania law, Matthew Eby did not qualify as a resident of Barrett Eby's Pennsylvania household at the time of the accident;

3)      Matthew Eby was therefore not an insured under the Allstate Personal Umbrella Policy issued to Barrett Eby, Policy No. 901869396; and

4)      The Allstate Personal Umbrella Policy issued to Barrett Eby does not provide coverage for defense or indemnity to Matthew Eby in regard to the claims being asserted by Tanner Maxwell and the Estate of Matthew Steele Foster, deceased, as a result of the motor vehicle accident that occurred on October 2, 2005.

5)      Plaintiff requests a trial by jury of all issues so triable.

Filed this __4TH__ day of August, 2006.

WALTON LANTAFF SCHROEDER
& CARSON
Attorneys for ALLSTATE
1700 Palm Beach Lakes Blvd., Suite 700
West Palm Beach, FL 33401
Tel:     561/689-6700
Fax:     561/689-2647
janderson@waltonlantaff.com

for

Jane Anderson, Esquire
Florida Bar No.:  045942

6

National Support Center
**Allstate Insurance Company**
1819 Electric Road
Roanoke, VA 24018-1618


You're in good hands.

Claim# _3 9 7 7 3 5 3 9 8 8_

To Whom It May Concern:

I, René Sine, employee of Allstate Insurance Company, Roanoke, Virginia, do

certify that the enclosed is a copy of Policy Number _9 0 1  8 6 9 3 9 6_

in the name of _Barrett  F  Eby_

showing the coverages that were on the policy at the time of loss of _10-8-05_

_René Sine_
Claim Support

State of Virginia, County of Roanoke

On this ___14th___ day of ___October___, 2005, before me

personally appeared René Sine me known to be the person who executed the

foregoing instrument and acknowledged that she executed the same as a free act and

deed.

_Darlene Looney_
Notary Public

**EXHIBIT**
_A_

DARLENE K. LOONEY
NOTARY PUBLIC
Commonwealth of Virginia
My Commission Expires May 31, 2007

*D Aaron Buhl*
*4204 E Ewalt Road*
*Gibsonia PA 15044*

| Your Quick Insurance Check |
| --- |
| ✓ Verify the information listed in the Policy Declarations. |
| ✓ Please call if you have any questions. |
| ✓ File this package safely away. |
| ✓ Watch the mail for your bill; it will arrive soon. |

Barrett F Eby
1540 Sequoia Drive
Pittsburgh PA 15241-3224

It's time to renew your policy with Allstate.

Thank you for choosing us for your insurance protection. We're glad to have the opportunity to provide you with protection and service. This policy renewal offer contains your renewal documents, including the Policy Declarations, which lists your coverages, limits, premium, and any discounts you're receiving.

As you may already know, your bill will arrive soon in a separate mailing.

Thanks again—we truly appreciate your business. If you have any questions about the information in this mailing, or if there's anything about your insurance you would like to discuss, please call D Aaron Buhl at (724) 443-5610.

Sincerely,

*Edward M. Liddy*

Edward M. Liddy
President, Allstate Insurance Company

Information as of
July 7, 2005                                    RP4

## Allstate Insurance Company

### RENEWAL
# Personal Umbrella
# Policy Declarations

### Summary

| NAMED INSURED(S)<br>Barrett F Eby<br>1540 Sequoia Drive<br>Pittsburgh PA 15241-3224 | YOUR ALLSTATE AGENT IS:<br>D Aaron Buhl<br>4204 E Ewalt Road<br>Gibsonia PA 15044 | CONTACT YOUR AGENT AT:<br>(724) 443-5610 |
|---|---|---|
| POLICY NUMBER<br>9 01 869396 08/21 | POLICY PERIOD<br>Begins on Aug. 21, 2005<br>with no fixed date of expiration<br>effective 12:01 A.M. standard time | PREMIUM PERIOD<br>Aug. 21, 2005 to Aug. 21, 2006<br>at 12:01 A.M. standard time |

### Total Premium for the Premium Period   (Your bill will be mailed separately)

| Basic Liability | $441.00 |
|---|---|
| Additional Residence or Farm | $5.00 |
| TOTAL | $446.00 |

✓  Premium includes a charge for 4 automobiles

✓  Premium includes a charge for a young driver

✓  Premium includes a charge for 2 residences or farms



PROF *0160037860707510610604/02*

Information as of
July 7, 2005

**Page 1**
PAGE1P/RO

# Allstate Insurance Company

Policy Number: 9 01 868396 08/21     Your Agent:  D Aaron Buhl  (724) 443-5610
For Premium Period Beginning: Aug. 21, 2005

## POLICY COVERAGES AND LIMITS OF LIABILITY

| COVERAGES | LIMITS OF LIABILITY | |
|---|---|---|
| Basic Liability | $1,000,000 | each occurrence |

## Your Policy Documents

Your Personal Umbrella policy consists of this Policy Declarations and the documents listed below. Please keep these together.

- Personal Umbrella Policy form AP1898

## Important Payment and Coverage Information

Please note: This is not a request for payment.  Your bill will be mailed separately.

IN WITNESS WHEREOF, Allstate has caused this policy to be signed by two of its officers at Northbrook, Illinois, and if required by state law, this policy shall not be binding unless countersigned on the Policy Declarations by an authorized agent of Allstate.

Edward M. Liddy
President

Robert W. Pike
Secretary

Information as of
July 7, 2005

Page 2
PA0000000

# Allstate Insurance Company

Policy Number: 9 01 869396 08/21      Your Agent:      D Aaron Buhl  (724) 443-5610
For Premium Period Beginning: Aug. 21, 2005

**POLICY PROVISIONS: Rates, Policy Forms and Payment of Premiums:**

Applicable only with respect to policies issued on a continuous basis.

1. The rates and policy forms in effect for the company upon the inception date of the insurance evidenced hereby, and upon each successive anniversary date, shall apply.
2. The phrase "Policy Period" as used in the policy shall be deemed to mean that period of time while the applicable coverage of the policy is in force.
3. The named insured shall pay the required premium in advance of each successive premium period, and upon notice of interim amendments.

**IMPORTANT NOTICE**
**CONCERNING THE INSURANCE YOU MUST MAINTAIN**
**(Not a part of the Policy)**

Please read the following provisions of the policy carefully:

(1) Required Underlying Insurance

   It establishes the types of insurance and the limits you must maintain.

   If, during the policy period, additional liability exposures exist, check the list of Required Underlying Insurance in the policy and secure any needed underlying coverage and limits.

   In the event that you fail to maintain the Required Underlying Insurance you may be required to personally incur or expend substantial sums of money for your legal defense and for payment of damages, and with respect to which Allstate has no obligation to pay or provide reimbursement to you.

(2) Retained Limits

   It identifies the amount of any damages an Insured must pay for any occurrence.

(3) Aircraft Provision

   Coverage applies only if certain conditions are met and coverage has been specifically purchased.

(4) In the event that additional exposures are acquired after the issuance of this policy, please notify Allstate of the additional exposure as soon as practicable.

None of the terms and conditions of the policy are modified by this Important Notice.

PROP *0100027050707130510504403*



## Allstate Insurance Company

Policy Number: 9 01 869396 08/21     Your Agent:     D Aaron Buhl  (724) 443-5610
For Premium Period Beginning: Aug. 21, 2005

# Important Notice

## *Allstate's Privacy Policy*

At Allstate, we value you as a customer and share your concerns about privacy. To help you understand how we treat the nonpublic personal information ("customer information") that we obtain from you or other sources in the course of providing you with products and services, this notice describes our use and protection of that information.

Whether you're doing business with us through your local agent or broker, our Customer Information Center, or allstate.com, we want you to know that Allstate respects your privacy and protects your information.

- We do not sell customer information.
- We do not share your customer information with persons, companies, or organizations outside of Allstate that would use that information to contact you about their own products and services.
- We expect persons or organizations that provide services on our behalf to keep customer information confidential and to use it only to provide the services we've asked them to perform.
- Within Allstate, we communicate to our employees regarding the need to protect customer information, and we've established physical, electronic, and procedural safeguards to protect customer information.

Below we've provided answers to questions that might be on your mind regarding privacy. You may be wondering...

**What do we do with your customer information?**
Allstate does not sell your customer information, or medical information, to anyone. Nor do we share it with companies or organizations outside of Allstate that would use that information to contact you about their own products and services. If that practice were ever to change, we would, of course, offer you the ability to opt out of this type of information sharing, and we would offer you the opt-out with time for you to respond before the change in our practice took place.

Your agent or broker may use customer information to help you with your overall insurance program. We may also communicate with you about products, features, and options you have expressed an interest in or that we believe may be of interest to you. We may, without authorization but only as permitted or required by law, provide customer information to persons or organizations both inside and outside of Allstate to fulfill a transaction you have requested, service your policy, market our products to you, investigate or handle claims, detect or prevent fraud, participate in insurance support organizations, or comply with lawful requests from regulatory and law enforcement authorities. These persons or organizations may include: our affiliated companies, companies that perform marketing services on our behalf, other financial institutions with which we have a joint marketing agreement for the sale of our own products, and your agent or broker.

**What kind of customer information do we have, and where did we get it?**
Much of the customer information that we have about you comes directly from you. When submitting your application or request for insurance or other products and services we offer, or requesting an insurance quote, you may give us information such as your name, address, and Social Security number. We keep information about your transactions with our affiliates, others or us—for example, the types of products and services you purchase from us, premiums, account balances, and payment history.

We also may collect information from outside sources, including consumer reporting agencies and health care providers. This information may include loss information reports, motor vehicle reports, credit reports, and medical information.

Page 1

## Allstate Insurance Company

Policy Number: 9 01 859398 08/21      Your Agent:   D Aaron Buhl  (724) 443-5510
For Premium Period Beginning: Aug. 21, 2005

**How do we protect your customer information?**
When we share customer information with companies working on Allstate's behalf, we expect those companies to use that information only to provide the service we have asked them to perform. Within Allstate, customer information is available to those individuals who may need to use it to fulfill and service the needs of Allstate customers. We communicate the need to protect customer information to all employees and agents, especially those individuals who have access to it. Plus, we've established physical, electronic, and procedural safeguards to protect customer information.

Finally, should your relationship with Allstate end, your customer information will remain protected in accordance with our privacy practices as outlined in this Important Notice.

**How can you find out what information we have about you?**
You may request to either see, or obtain from us by mail, the customer information about you in our records. If you believe that information is incomplete or inaccurate, you may request that we make any necessary corrections, additions or deletions to the disputed customer information. To fulfill your request, we may make arrangements with an insurance support organization or a consumer reporting agency to copy and disclose customer information to you on our behalf. You may also request a more complete description of the entities to which we disclose customer information, or the circumstances that might warrant such disclosures. Please send any of the requests listed above in writing to: Allstate Insurance Company, Customer Privacy Inquiries, P.O. Box 11904, Roanoke, VA 24022.

**If you are an Internet user:**
Our website, allstate.com, provides information about Allstate, our products, and the agencies and brokers that represent us. You may also perform certain transactions on the website. When accessing allstate.com, please be sure to read the Privacy Statement that appears there.

To learn more, the allstate.com Privacy Statement provides important information relating to your use of the website, including, for example, information regarding: 1) our collecting devices known as "cookies"; 2) our collection of information such as IP address (the number assigned to your computer when you use the Internet), browser and platform types, domain names, access times, referral data, and your activity while using our site; 3) who should use our web site; 4) the security of information over the Internet and 5) links and co-branded sites.

We hope you have found this Important Notice helpful. If you have any questions or would like more information, please don't hesitate to contact your Allstate agent or call the Allstate Customer Information Center at 1-800-Allstate.

X66702-1v2

This notice is being provided on behalf of the following companies:

| | |
|---|---|
| Allstate County Mutual Insurance Company | Allstate Fire and Casualty Insurance Company |
| Allstate Indemnity Company | Allstate Insurance Company |
| Allstate Investment Management Company | Allstate Motor Club, Inc. |
| Allstate New Jersey Insurance Company | Allstate Property and Casualty Insurance Company |
| Allstate Texas Lloyd's | Allstate Texas Lloyd's, Inc. |
| Forestview Mortgage Insurance Company | General Underwriters Agency, Inc. |
| Roadway Protection Auto Club, Inc. | |

(ed. 04/2005)

Page 2

PROP *010003780878780851060404*

# Allstate Insurance Company

Policy Number:  9 01 869396 08/21      Your Agent:    D Aaron Buhl  (724) 443-5610
For Premium Period Beginning:  Aug. 21, 2006

# Important Notice

## Important Information About Your Allstate Policy

The enclosed Policy Declarations includes important information, such as your address, the coverages and coverage limits you've chosen, the names of insured persons — as well as other details pertinent to your policy. These details may include, for example, for motor vehicle policies, the drivers and vehicles you've insured, as well as the vehicle identification numbers (VIN) assigned to your insured vehicles; and, for property policies, the location of the insured property and mortgagees information, if applicable. Your Policy Declarations also lists any discounts or surcharges applied to your policy.

Because much of the information found on your Policy Declarations is used to help us determine your premium, please be sure to review your Policy Declarations carefully each time you receive one. You may want to add coverage, delete coverage or change your coverage limits — or you may want to change other information relating to your policy, whether it be a motor vehicle, your home or other insured property. You may also want to contact your Allstate representative for information concerning discounts that may be available for your policy.

### Making changes to your policy

If you need to make a change to any of the information listed on your Policy Declarations, please notify your Allstate representative of the change as soon as possible. With a few exceptions, any changes will be effective as of the date you notify us.

If you have any questions about this notice, or if you need to update any of the information listed on the enclosed Policy Declarations, please contact your Allstate representative.

X67097

# Allstate Personal Umbrella Policy

Policy: _____          Effective: _____

Issued to:

Allstate Insurance Company
A Stock Company—Home Office—Northbrook, Illinois

AP1898
(1-03)

# Table of Contents

## General

Agreement..................................................1
Definitions................................................1
Changes....................................................2
Conformity to State Statutes ..............................2
Cancellation...............................................2
Non-Renewal................................................2
Conditional Reinstatement .................................3
Payment....................................................3
What Law Will Apply........................................3
Where Lawsuits May Be Brought..............................3

## Excess Liability Insurance

Coverage —When We Pay .....................................3
Personal Activities .......................................3
Aircraft Provision ........................................3
Amounts We Pay ............................................4
Retained Limit ............................................4
Required Underlying Insurance .............................5
Defense; Settlement; Supplementary
    Payments...............................................6

## Exclusions

General Exclusions —
    When This Policy Does Not Apply........................6

## Conditions

Notice.....................................................7
Limit of Liability ........................................7
Claims for Loss ...........................................8
Right of Appeal ...........................................8

Assistance and Cooperation.................................8
Exhaustion of Required
    Underlying Insurance ..................................8
Subrogation................................................8
Assignment.................................................8
Bankruptcy or Insolvency...................................8

# General

## Agreement

Relying on the facts you have given us, Allstate agrees to provide the insurance described in this policy. In return, you agree to pay the premium and comply with all policy terms.

This policy applies to an occurrence anywhere in the world while the insurance is in force. The declarations show the policy period.

## Definitions

1.  "You" or "Your" —means the person named in the declarations.

2.  "Allstate", "We", "Us", or "Our" —means the company shown in the declarations page of the policy.

3.  "Business" —means any full or part-time activity of any kind engaged in for economic gain. It does not include:
    a)  farming; or
    b)  the rental or holding for rental of any premises in a one, two, three or four family residence owned or controlled by an insured as a dwelling, office, school or studio.

4.  "Business Property" —means any property on which a business is conducted. It includes any part of the premises rented, leased or held for those purposes. It does not include:
    a)  a one, two, three or four family residence premises an insured owns, controls, rents or holds for rental as a dwelling, office, school or studio;
    b)  a farm; or
    c)  the part of any building in which an insured resides.

5.  "Insured" —means:
    a)  you, and
    b)  relatives residing in your household.

6.  "Occurrence" —means an accident or a continuous exposure to conditions. An occurrence includes personal injury and property damage and bodily injury caused by

an insured while trying to protect persons or property from injury or damage.

7.  "Personal Injury" — means:
    a)  false arrest; false imprisonment; wrongful detention; wrongful entry; invasion of rights of occupancy; malicious prosecution; and
    b)  libel; slander; misrepresentation; humiliation; defamation of character; invasion of rights of privacy.

8.  "Property Damage" – means physical injury to tangible property. It includes resulting loss of use. This also means loss of use of tangible property not physically injured if the loss of use is caused by an occurrence during the policy period.

9.  "Bodily Injury" —means physical harm to the body, including sickness, disability or disease, and resulting death, except that bodily injury does not include:
    a)  any venereal disease;
    b)  Herpes;
    c)  Acquired Immune Deficiency Syndrome (AIDS);
    d)  AIDS Related Complex (ARC);
    e)  Human Immunodeficiency Virus (HIV);

    or any resulting symptom, effect, condition, disease or illness related to (a) through (e) listed above.

10. "Hostile fire" — means a fire which becomes uncontrollable or escapes from its intended location.

## Changes
### Premium Changes
The premium for this policy is based on information Allstate has received from you or other sources. You agree to cooperate with us in determining if this information is correct, if it is complete, and if it changes during the policy period. You agree that if this information changes or is incorrect or incomplete, we may adjust your premium accordingly during the policy period.

Any calculation or adjustment of your premium will be made using the rules, rates and forms in effect, and on file if required, for our use in your state.

### Coverage Changes
When Allstate broadens coverage during the policy period without additional charge, this policy will be deemed to provide the additional coverage. The new feature applies on the date the coverage change is effective in your state. Otherwise, the policy can be changed only by endorsement.

Any change in your coverage will be made using the rules, rates and forms in effect, and on file if required, for our use in your state.

### Conformity to State Statutes
When any policy term is in conflict with the law of the state in which the policy is issued, the law of the state applies.

### Cancellation
You may cancel this policy at any time. To do so, you must send us written notice stating the future date you wish to stop coverage.

Allstate may cancel this policy by mailing notice to you at the address shown in the declarations. Mailing the notice is proof of notice. Coverage will stop at the date and time stated in the notice. If we cancel for non-payment of premium, coverage will not stop until 10 days after our notice is mailed. Otherwise, we will give you 30 days notice.

Earned premium will be calculated on a pro-rata basis. If a refund is due, it will be sent promptly. Cancellation will be effective even though the refund is delayed.

Any unearned premium amounts under $2.00 will be refunded only upon your request.

### Non-renewal
Allstate has the right not to renew this policy. If we do not intend to renew, we will mail notice to you at least 30 days before the end of the policy period.

Page 2

## Conditional Reinstatement

If we mail a cancellation notice because you didn't pay the required premium when due and you then tender payment by check, draft, or other remittance which is not honored upon presentation, your policy will terminate on the date and time shown on the cancellation notice and any notice we issue which waives the cancellation or reinstates coverage is void. This means that Allstate will not be liable under this policy for claims or damages after the date and time indicated on the cancellation notice.

## Payment

If at any time, your payment of any premium amount due is made by check, electronic transaction, or other remittance which is not honored because of insufficient funds or a closed account, you will be charged a fee.

## What Law Will Apply

This policy is issued in accordance with the laws of Pennsylvania and covers risks principally located in Pennsylvania. Subject to the following paragraph, the laws of Pennsylvania shall govern any and all claims or disputes in any way related to this policy.

If a covered loss, or any other occurrence for which coverage applies under this policy, happens outside Pennsylvania, claims or disputes regarding that covered loss or any other covered occurrence may be governed by the laws of the jurisdiction in which that covered loss or other covered occurrence happened, only if the laws of that jurisdiction would apply in the absence of a contractual choice of law provision such as this.

## Where Lawsuits May Be Brought

Subject to the following two paragraphs, any and all lawsuits in any way related to this policy, shall be brought, heard and decided only in a state or federal court located in Pennsylvania. Any and all lawsuits against persons not parties to this policy but involved in the sale, administration, performance, or alleged breach of this policy, or otherwise related to this policy, shall be brought, heard and decided only in a state or federal court located in Pennsylvania, provided that such persons are subject to or consent to suit in the courts specified in this paragraph.

If a covered loss, or any other occurrence for which coverage applies under this policy, happens outside

Pennsylvania, lawsuits regarding that covered loss or any other covered occurrence may also be brought in the judicial district where that covered loss or any other covered occurrence happened.

Nothing in this provision, Where Lawsuits May Be Brought, shall impair any party's right to remove a state court lawsuit to a federal court.

## Excess Liability Insurance

This policy provides only excess insurance. It does not contribute with any Required Underlying Insurance or other insurance which applies to an occurrence. It also is excess to any Retained Limit an insured assumes.

## Coverage—When We Pay

Allstate will pay when an insured becomes legally obligated to pay for personal injury, property damage or bodily injury caused by an occurrence.

## Personal Activities

Coverage applies to an occurrence arising only out of:

1.  personal activities of an insured. Activities related to any business or business property of an insured are not covered.

2.  a civic service an insured performs. The service must be:
    a)  not-for-profit; or
    b)  not a function of an insured's business.

3.  the occupancy of a land vehicle, aircraft or watercraft by an insured for personal transportation. Occupancy of any such conveyance while being used in any way directly related to an insured's business or business property is not covered.

## Aircraft Provision

Coverage applies to an occurrence involving an aircraft only if:

1.  you tell us of an aircraft an insured owns, maintains or uses:
    a)  as of the effective date of this policy; or
    b)  within 30 days of any later date when that insured begins ownership, maintenance or use; and

Page 3

2. the declarations show a premium charge for aircraft; and

3. the damages resulting from the occurrence exceed:
   a) $250,000 for bodily injury to one person;
   b) $500,000 for bodily injury to two or more persons;
   c) $50,000 for property damage; or
   d) $100,000 per seat for passenger liability.

Property damage to any aircraft an Insured owns, rents, uses or is responsible for is not covered.

## Amounts We Pay

Allstate will pay only those amounts within our limit of liability which exceed the sum of:
1. the limits of liability of any Required Underlying Insurance which apply to the occurrence; plus
2. the limits of any other liability insurance available to an insured which apply to the occurrence.

We will not pay the difference between the limits specified in this policy as Required Underlying Insurance and any lower limits actually in effect.

We will not pay any amount exceeding the limits shown in the declarations.

If no other insurance is required and no other insurance applies to the occurrence, we will pay only those amounts which exceed the Retained Limit.

## Retained Limit

The Retained Limit is the amount of damages an insured must assume and pay for any occurrence if:
1. no Underlying Insurance is required; and

2. no other insurance applies to the occurrence.

Retained Limits vary by state. The one which applies to the insured is determined by the state shown in the address in the declarations and the dollar amount shown below for that state.
Retained Limits are:

1. $1,000 in North Carolina and Texas.

2. $250 in all other states and the District of Columbia.

## Required Underlying Insurance

An insured must maintain liability coverage in at least the following limits at all times if that person has the liability exposure listed. If you fail to maintain this Required Underlying Insurance, there will be no coverage or defense under this policy until the damages exceed the coverage and limit required for the exposure.

| Liability Exposures | Coverage and Limits Required |
|---|---|
| 1. Aircraft — ownership, maintenance or use of aircraft. | $250,000/500,000 Bodily Injury and $50,000 Property Damage and $100,000 per seat Passenger Liability |
| 2. Automobile — ownership, maintenance or use of any land motor vehicle. This includes any machinery or equipment attached to the vehicle. It does not include a recreational motor vehicle. | $100,000/300,000 Bodily Injury and $50,000 Property Damage; OR $300,000 Single Limit |
| 3. Residence or Farms — ownership, maintenance or use of each premises or farm including: <br> a) operations necessary and incidental to each, and <br> b) personal activities, including Incidental Office Occupancy in your residence. | $50,000 single limit Comprehensive Personal Liability (or Farmers Comprehensive Personal Liability) insurance for each. This may be maintained as a separate policy or as a part of a package policy such as Homeowners Insurance. <br><br> The insurance must include coverage for Additional Residence Premises Rented to Others and Incidental Office Occupancy in your residence when these exposures exist. |
| 4. Recreational Motor Vehicle — ownership maintenance or use of a land motor vehicle: <br> a) not subject to motor vehicle registration; and <br> b) designed for recreational use off public roads. | $25,000/50,000 Bodily Injury and $10,000 Property Damage; OR $50,000 Single Limit |
| 5. Domestic or Farm Employees The duties of your domestic or farm employees who are not subject to Workers Compensation Laws. | $50,000 single limit Employers Liability coverage. This may be maintained as a separate policy or as part of Comprehensive Personal Liability (Farmers Comprehensive Personal Liability) or Homeowners Insurance. |
| 6. Watercraft — ownership, maintenance or use of any: <br> a) sailing vessel over 25 feet in length, or any watercraft <br> 1) with outboard motor(s) having a total of more than 25 horsepower; <br> 2) with inboard or inboard/outboard motors having a total of more than 50 horsepower. | $50,000/100,000 Bodily Injury and $25,000 Property Damage; OR $100,000 Single Limit |
| b) other watercraft. | $50,000 Single Limit |

Page 5

## Defense; Settlement; Supplementary Payments

Allstate will defend an insured if sued as the result of an occurrence covered by this policy even if the suit is groundless, false or fraudulent. We will not defend if the occurrence is covered by any Required Underlying Insurance or any other liability insurance available to the insured. If the insured fails to maintain Required Underlying Insurance, we will not defend for any amount of damages falling within the limits that should have been maintained. We may settle any claim or suit as we consider appropriate.

We will not be obligated to defend any suit after our limit of liability under this policy has been exhausted by payment.

In defending an insured, we will pay the following regardless of our limits of liability:

1. premiums on appeal bonds and on bonds to release attachments. We have no obligation to apply for or furnish these bonds.

2. court costs for defense.

3. interest accruing on damages awarded. We will pay this interest only until we have paid, tendered or deposited in court the amount for which we are liable under this policy. We will only pay interest on damages not exceeding our limits of liability.

We will repay an insured for all reasonable expenses incurred at our request. This includes payment for actual loss of wages. Our payment for lost wages may not exceed:

1. $100 per day; or

2. a total of $5000 per insured.

We may be prevented from defending an insured, in any country, because of laws or for other reasons. In that event, we will pay any expense incurred, with our written consent, for the insured's defense. An insured must promptly repay us for any amount we have advanced on that person's behalf which is within any applying Retained Limit. We will give the insured notice of any repayment due.

## Exclusions

### General Exclusions—When This Policy Does Not Apply

This policy will not apply:

1. to any act, or failure to act, of any person in performing functions of that person's business.

2. to any occurrence arising out of a business or business property.

3. to personal injury or bodily injury to an insured.

4. to property damage to any:
   a) property owned by an insured; or
   b) property owned by others an insured agreed to insure to be responsible for.

5. when an insured or that person's insurers may have to pay under any of the following laws:
   a) workers compensation;
   b) occupational disease;
   c) unemployment compensation;
   d) disability benefits; or
   e) any other similar law.

6. when an insured, as an employer, has failed to provide the security required under a workers compensation or occupational disease law for benefits to that person's employees.

7. to personal injury or bodily injury for which an insured is also covered under a nuclear energy liability policy, even if the limits of that policy have been exhausted.

8. to any intentionally harmful act or omission of an insured, even if:
   a) the personal injury, property damage or bodily injury resulting from the act or omission occurs to a person or property other than the person or property to whom the act or omission was intended or is of a different nature or magnitude than was intended; or
   b) the insured lacks the mental capacity to govern his or her own conduct if the act or omission is substantially certain or probably certain to cause personal injury, property damage or bodily injury.

Page 6

9. to any liability of another person assumed by an insured under any contract.

10. to personal injury or bodily injury which results in any manner from any type of vapors, fumes, acids, toxic chemicals, toxic gasses, toxic liquids, toxic solids, waste materials, irritants, contaminants, or pollutants, including, but not limited to:
   a) lead in any form;
   b) asbestos in any form;
   c) radon in any form; or
   d) oil, fuel oil, kerosene, liquid propane or gasoline intended for, or from, a storage tank.

   This exclusion does not apply to bodily injury which results from:
   1. heat, smoke or fumes from a hostile fire.
   2. the sudden and accidental discharge, dispersal, release or escape of carbon monoxide from a heating system, an appliance for heating water, or a household appliance.

11. to property damage consisting of, or caused by, any type of vapors, fumes, acids, toxic chemicals, toxic gasses, toxic liquids, toxic solids, waste materials, irritants, contaminants, or pollutants, including, but not limited to:
   a) lead in any form;
   b) asbestos in any form;
   c) radon in any form; or
   d) oil, fuel oil, kerosene, liquid propane or gasoline intended for, or from, a storage tank.

   This exclusion does not apply to property damage which results from heat, smoke or fumes from a hostile fire.

12. to any liability imposed upon any insured by any governmental authority for personal injury or bodily injury which results in any manner from, or for property damage consisting of, or caused by, any type of vapors, fumes, acids, toxic chemicals, toxic gasses, toxic liquids, toxic solids, waste materials, irritants, contaminants, or pollutants, including, but not limited to:

   a) lead in any form;
   b) asbestos in any form;
   c) radon in any form; or
   d) oil, fuel oil, kerosene, liquid propane or gasoline intended for, or from, a storage tank.

13. to any loss, cost or expense arising out of any request, demand, or order that any insured test for, monitor, clean up, remove, contain, treat, detoxify, or neutralize, or in any way respond to or assess the effects of any type of vapors, fumes, acids, toxic chemicals, toxic gasses, toxic liquids, toxic solids, waste materials, irritants, contaminants, or pollutants, including, but not limited to:
   a) lead in any form;
   b) asbestos in any form;
   c) radon in any form; or
   d) oil, fuel oil, kerosene, liquid propane or gasoline intended for, or from, a storage tank.

14. to any bodily injury, personal injury or property damage which, in whole or in part, arises out of, is aggravated by or results from mold, fungus, wet rot, dry rot or bacteria.

15. to any liability imposed upon any insured person by any governmental authority for bodily injury, personal injury or property damage which, in whole or in part arises out of, is aggravated by or results from mold, fungus, wet rot, dry rot or bacteria.

## Conditions

### Notice
You must give us prompt written notice of any occurrence to which this policy may apply. You must also promptly give us all legal papers or reports relating to the occurrence when a claim or suit is filed against any insured.

### Limit of Liability
Our limit of liability will not exceed the per occurrence amount shown in the declarations. This insurance applies separately to each insured for claims or suits filed against that person. The insuring

Page 7

of more than one person under this policy will not increase the limit of our liability for any occurrence.

## Claims for Loss

We will not begin to make payment for any occurrence covered by this policy until our liability has been determined by:

1. agreement between the insured, the claimant and us; or

2. a final judgment against an insured, resulting from an actual trial.

Claim for payment must be made within 12 months after determination of our liability. If additional claims are filed due to the same occurrence, payment will be made within 30 days after the insured gives us proper proof.

## Right of Appeal

If an insured or any other insurer elects not to appeal a judgment exceeding the Required Underlying Insurance, any other insurance or the Retained Limit, we may do so. We will pay the cost and interest incidental to the appeal. We will not be liable for more than the limit shown in the declarations plus the incidental cost and interest.

## Assistance and Cooperation

Except as already agreed, we are not required to settle or defend any claim or suit against an insured. We do have a right to join in defense and control of any claim or suit which will likely require us to pay. When we join, we and the insured will cooperate in good faith.

## Exhaustion of Required Underlying Insurance

We will assume control of the settlement or defense of any claim or suit against an insured if:

1. the limits of any Required Underlying Insurance or any other insurance have been exhausted by payment; or

2. the insurer providing the Required Underlying Insurance or any other insurance is or becomes insolvent within one year after the occurrence.

## Subrogation

When we pay, an insured's rights of recovery from anyone else become ours up to the amount we have paid. This includes any rights to claim against any other insurer which failed in its obligation to provide insurance applying to the occurrence.

The insured must protect these rights and help us enforce them. We may not be required to exercise these rights.

## Assignment

No interest in this policy may be transferred without our written consent. If an insured dies, coverage will continue for the rest of the policy term for the insured's legal representative. The representative is covered only while acting in that capacity.

## Bankruptcy or Insolvency

Bankruptcy or insolvency of an insured or that person's estate will not affect our obligations under this policy.

Page 8

| | | |
|---|---|---|
| TANNER MAXWELL | : | IN THE CIRCUIT COURT OF THE 15TH |
| | : | JUDICIAL CIRCUIT IN AND FOR |
| Plaintiff | : | PALM BEACH COUNTY, FLORIDA |
| vs. | : | |
| | : | CASE NO.: |
| MATTHEW EBY | : | |
| | : | FLORIDA BAR NO.: 558310 |
| Defendant | : | |
| _____ | /: | |

### COMPLAINT

The Plaintiff, TANNER MAXWELL, (hereinafter referred to as "MAXWELL" sues the

Defendant, MATTHEW EBY, (hereinafter referrred to as "EBY") and alleges:

1.    This is an action for damages in excess of Fifteen Thousand ($15,000.00) Dollars

exclusive of fees and costs.

2.    At all times material hereto, the Plaintiff, TANNER MAXWELL, is a resident of

Boca Raton, Palm Beach County, Florida,  and was otherwise sui juris.

3.    At all times material hereto, the Defendant, EBY, was a resident of Deerfield

Beach, Broward County, Florida and was otherwise sui juris.

4.    That on or about October 8, 2005 an accident occurred on Thames Blvd just

south of Trent Court, in Boca Raton, Palm Beach County, Florida, that the Defendant, EBY was

the driver of the vehicle that Plaintiff, TANNER MAXWELL was a passenger.

5.    For the above reasons, jurisdiction and venue are proper in Palm Beach Circuit

Court.

### COUNT I – NEGLIGENCE OF
### MATTHEW EBY

Plaintiff, TANNER MAXWELL, readopts and realleges paragraphs 1 through 5 above

and further alleges:

EXHIBIT

B

-1-

6.      That on or about October 8, 2005, just South of Trent Court on Thames Blvd., in Boca Raton Palm Beach County, Florida, the Defendant, EBY, negligently operated or maintained a motor vehicle, so that it caused a collision when Plaintiff, MAXWELL was a passenger in Defendant, EBY's vehicle.

7.      As a result, Plaintiff, MAXWELL, suffered bodily injury and resulting pain and suffering, disfigurement, disability, mental anguish, loss of the capacity of the enjoyment of life, expensive hospitalization, medical and nursing care and treatment, loss of earnings and loss the ability to earn money and aggravation of a previously pre-existing condition. The losses are either permanent or continuing in nature and the Plaintiff, MAXWELL, will suffer the losses in the future.

WHEREFORE, the Plaintiff, TANNER MAXWELL, demands judgment against the above Defendant, MATTHEW EBY , for damages in excess of fifteen thousand ($15,000.00) dollars, costs, pre-judgment interest where applicable, and demands trial by jury on all issues so triable as a right by jury.

JAN 0 3 2005

GOLDMAN, DASZKAL, CUTLER,
BOLTON & KIRBY
Attorneys for Plaintiff
1630 West Hillsboro Boulevard
Deerfield Beach, Florida 33442
954-428-9333
954-428-9338 - Fax

By: _____
      KENNETH A. CUTLER, ESQUIRE

-2-

F. David Foster
Personal Representative
Estate of Mathew Steele Foster
5712 MacIntosh Loop
Haymarket, Va. 20169

February 20, 2006

Ms Sarah Ramroop
Market Claim Office
Allstate Insurance Co.
5297 W. Copans Rd.
Suite 200
Margate, Fla. 33063

Re:  Mathew Foster
Claim:No.5133201951
Date of Loss: 10/8/05

Dear Ms. Ramroop:

This follows up on our brief telephone discussion in early January regarding the above referenced claim.  Since we talked, I have been appointed personal representative for the estate of Mathew Steel Foster and Letters of Administration have issued.  I am writing in the capacity of personal representative.

I understand from our discussion and other communications that you are investigating whether three Allstate insurance policies (other than policy no. 961275890) apply to the loss, including Barrett Eby's umbrella policy no. 901869396 (to which the above referenced claim number is believed to apply), his auto policy no. 008001964, and Eby Industries' policy no. 048626095.  I would appreciate it if you would confirm or correct my understanding; and let me know of the status of your investigation and any conclusions reached at this time.

I hope we can resolve the issue of additional coverage quickly and amicably.

Sincerely yours,

David Foster

EXHIBIT

C

FEB 2 4 2006

JS 44
(Rev. 12/96)

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

**I. (a) PLAINTIFFS** Allstate Insurance Company

CIV-RYSKAMP

MAGISTRATE JUDGE VITUNAC

**DEFENDANTS** Matthew Eby, Tanner Maxwell, and David Foster, as Personal Representative of the Estate of Matthew Steele Foster

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF Cook
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT Palm Beach
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

## 06-80745

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Jane Anderson Esq.
Walton Lantaff Schroeder + Carson, LLP
1700 Palm Beach Lakes Blvd., 7th FL
West Palm Beach, FL 33401   janderson@waltonlantaff.com

ATTORNEYS (IF KNOWN) See attached

**(d)** CIRCLE COUNTY WHERE ACTION AROSE: DADE, MONROE, BROWARD, (PALM BEACH), MARTIN, ST. LUCIE, INDIAN RIVER, OKEECHOBEE HIGHLANDS

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

9:06CV 80745-Ryskamp-Vitunac

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For Diversity Cases Only)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| A CONTRACT | A TORTS | | FORFEITURE/PENALTY | A BANKRUPTCY | A OTHER STATUTES |
|---|---|---|---|---|---|
| ☒ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | B☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | B☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 365 Personal Injury — Product Liability | B☐ 625 Drug Related Seizure of Property 21 USC 881 | | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 368 Asbestos Personal Injury Product Liability | B☐ 630 Liquor Laws | **A PROPERTY RIGHTS** | B☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers Liability | **PERSONAL PROPERTY** | B☐ 640 R.R. & Truck | ☐ 820 Copyrights | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 370 Other Fraud | B☐ 650 Airline Regs. | ☐ 830 Patent | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| B☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | ☐ 371 Truth in Lending | B☐ 660 Occupational Safety/Health | ☐ 840 Trademark | ☐ 810 Selective Service |
| B☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 380 Other Personal Property Damage | B☐ 690 Other | **B SOCIAL SECURITY** | ☐ 850 Securities/Commodities/Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 385 Property Damage Product Liability | **A LABOR** | ☐ 861 HIA (1395ff) | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | | ☐ 710 Fair Labor Standards Act | ☐ 862 Black Lung (923) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | | ☐ 720 Labor/Mgmt. Relations | ☐ 863 DIWC/DIWW (405(g)) | ☐ 892 Economic Stabilization Act |
| **A REAL PROPERTY** | **A CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | B☐ 510 Motions to Vacate Sentence | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 894 Energy Allocation Act |
| B☐ 220 Foreclosure | ☐ 442 Employment | **HABEAS CORPUS:** | ☐ 790 Other Labor Litigation | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/Accommodations | B☐ 530 General | ☐ 791 Empl. Ret. Inc. Security Act | A☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 240 Torts to Land | ☐ 444 Welfare | B☐ 535 Death Penalty | | A☐ 871 IRS — Third Party 26 USC 7609 | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | B☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | B☐ 550 Civil Rights | | | A OR B |
| | | B☐ 555 Prison Condition | | | |

## VI. CAUSE OF ACTION
(CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28 U.S.C. Sec. 2201

LENGTH OF TRIAL via ___ 3 days estimated (for both sides to try entire case)

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $ ____

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY
(See instructions)
JUDGE ____   DOCKET NUMBER ____

DATE 8/4/06

SIGNATURE OF ATTORNEY OF RECORD ____

FOR OFFICE USE ONLY

350.00    531852    MAG. JUDGE ____

**Attorneys for Defendants**

William E. Johnson, Esq.
Attorney for Matthew Eby
477 South Rosemary Avenue, Suite 303
West Palm Beach, FL 33401
Tel: (561) 832-4848
Fax: (561) 832-4838

Jeffrey D. Kirby, Esq.
Goldman, Daszkal, Cutler, et al.
Attorneys for Tanner Maxwell
1630 W. Hillsboro Boulevard
Deerfield Beach, FL 33422
Tel: (954) 428-9333
Fax: (954) 428-9338

John B. Marioni, IV, Esq.
Sellars, Marion & Bachi, P.A.
Attorneys for David Foster, as Personal Representative
of the Estate of Matthew Steele Foster
P.O. Box 3767
West Palm Beach, FL 33402-3767
Tel.: (561) 655-8111
Fax: (561) 655-4994